IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THEO LAY, JR.,                          *

          Petitioner,              *

v.                                      *  CIVIL ACTION NO. AW-10-1311

GREGG HERSHBERGER, et al.,              *
          Respondents.

## **MEMORANDUM**

Pending is Theo Lay, Jr.'s Petition for Writ of Habeas Corpus, dated May 15, 2010, and received for filing on May 21, 2010, Responsdents' Answer, and Lay's Reply thereto.[1]  For the reasons stated below, the Court by separate Order shall dismiss the Petition as time-barred.

On May 28, 1985, a Prince Georges County, Maryland jury convicted Lay of murder and related offenses.  On June 28, 1985, Lay was sentenced to life in prison for the murder conviction and a consecutive twelve-year sentence on the other convictions.  Paper No. 5, Exhibit 1.  Lay's judgment of conviction was affirmed by the Court of Special Appeals of Maryland in 1986.  On May 21, 1986, the Court of Appeals of Maryland denied certiorari review.  *See Lay v. State*, 306 Md. 289 (1986).  Lay did not seek further review in the United States Supreme Court.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act (AAEDPA@) of 1996 into law.  Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for person convicted in a state

---

[1] For the purpose of timeliness assessment, the Petition is deemed filed on the date it was signed, May 15, 2010.  *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

court.[2] Where, as here, a conviction became final prior to April 24, 1996, a grace period of one year applies. *See Brown v. Angelone,* 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996 and expires on April 24, 1997, for convictions which became final before April 24, 1996).

Lay initially sought post-conviction relief on July 5, 1994, prior to enactment of AEDPA, but withdrew his petition without prejudice on January 12, 1995. *Id.*, Exhibit 1 at 5-6. On May 23, 1997, one month after his "grace period" expired post-AEDPA, he again initiated post-conviction relief. He again withdrew the petition without prejudice on February 29, 2000. *Id.*, Exhibit 1 at 7.

---

[2] *See* 28 U.S.C. ' 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On October 21, 2005, Lay again sought state post-conviction review in the Circuit Court. Relief was denied in an order filed February 5, 2007. *Id*., Exhibit 1 at 8-9. Leave to appeal was summarily denied by the Court of Special Appeals of Maryland on June 25, 2009, with the mandate issuing on July 27, 2009. *Id.,* Exhibit 2.

The instant matter was filed well outside the one-year limitations period imposed pursuant to 28 U.S.C. § 2244(d)(1) and (2). By the time Lay filed his second post-conviction petition in May of 1997, the "grace period" already had expired. The one-year limitations period may, however, be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000). In order to be entitled to equitable tolling, Lay must establish that either some wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339 F. 3d 238, 246 ( 4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2006). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246. Such diligence is not apparent here.

Lay has provided no grounds by which the Court can consider the applicability of equitable tolling. Having found no basis for a tolling of the one-year limitation period in this case, the Petition for Writ of Habeas Corpus is dismissed as time-barred.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). "A [Certificate of Appealability, or "COA"] may issue ...

only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

The Court will not issue a certificate of appealability because Lay has not made the requisite showing. Denial of a certificate of appealability does not prevent Lay from seeking permission to file a successive petition or pursuing his claims upon receipt of that permission.

A separate order follows.


Dated this  22nd  day of October, 2010.

                                            _____//s//_____
                                            Alexander Williams, Jr.
                                            United States District Judge